IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. DUNMORE, IDOC # R64188,  )
                                                          )
                **Plaintiff,**        )
                                                          )
vs.                                                         )         CIVIL NO. 11-1000-GPM
                                                          )
MAGID FAHIM, et al.,           )
                                                          )
                **Defendants.**    )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      **A.**       **Introduction**

Plaintiff James E. Dunmore, a seventy-three year old inmate of the Menard Correctional Center ("Menard"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Dunmore is serving a thirty-year sentence for murder, imposed on November 9, 2004. This case is before the Court for screening of Dunmore's operative complaint (Doc. 22) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted[.].

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although a court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Nevertheless, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

  **B.** **The Complaint**

  In Dunmore's operative complaint in this case, he states that Defendants Dr. John Shepherd, Dr. Sam Nwaobasi, and Dr. Fuentes expedited what Dunmore describes as his "much needed" surgery for a lower back condition. On November 14, 2011, Dunmore was taken to Saint Louis University Hospital ("SLU Hospital") for surgery by his physician, Dr. Dirk H. Alander. Dunmore was returned to Menard on November 17, 2011. Dunmore states that, due to an inoperable elevator, he was not immediately taken to the hospital floor at the facility and was instead returned to his cell until November 21, 2011, at which time he was placed in the hospital floor of the Health Care Unit ("HCU") at Menard. Dunmore remained on the hospital unit until December 8, 2011, at which time he returned to his cell. Dunmore claims that Defendants have not followed orthopaedic trauma discharge orders, nor dispensed the pain medication that Dr. Alander ordered for him. Dunmore further alleges that he requires physical therapy and devices to assist with his ambulation.

Dunmore complains that from November 17, 2011, until November 21, 2011, he suffered pain while recovering from his back surgery in his cell. Dunmore requests a transfer to the Dixon Correctional Center and monetary damages. Dunmore names as Defendants, in addition to Shepherd, Nwaobasi, and Fuentes, S.A. Godinez, the director of the Illinois Department of Corrections ("IDOC"), but states no particular claim against any one of these Defendants in his pleadings. Dunmore asserts Eighth Amendment claims against Defendants generally, for deliberate indifference to his serious medical needs.

### C. Discussion

A prisoner's mere dissatisfaction with the medical care he or she receives in prison does not amount to a violation of the prisoner's constitutional right, even if the quality of the care given the prisoner is substandard to the point of negligence or malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001. However, a constitutional claim under the Eighth Amendment may lie if a prison official's actions amount to deliberate indifference to a prisoner's serious medical needs:

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (citations omitted). The Supreme Court of the United States, however, has stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

> harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The United States Court of Appeals for the Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a serious medical need for Eighth Amendment purposes. *See id.*

Mere disagreement with a physician's chosen course of medical treatment for a prisoner does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (stating that "a [prisoner's] disagreement with medical professionals about his needs" does not rise to the level of a constitutional claim); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) ("Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law.")

(brackets omitted). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Garvin*, 236 F.3d at 898.

Dunmore has not described a condition that meets the criteria described in *Gutierrez*. Dunmore received medical attention that resulted in a referral for surgical treatment by his specialist. Dunmore was returned to his own cell until the facility could transport him to the hospital floor of the HCU at Menard. Dunmore then received seventeen days of continuous care on the hospital floor at Menard. Dunmore received a total of twenty-one days of hospital care, both at SLU Hospital and on the hospital floor of the HCU at Menard. Dunmore's complaint concerns his post-operative recovery and rehabilitation, which may not have been symptom-free, but does not constitute a serious medical condition. Even had Dunmore stated facts showing otherwise, he has not sufficiently alleged deliberate indifference on the part of Defendants.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer*, 511 U.S. at 837. The decisions of the Seventh Circuit Court of Appeals following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of the seriousness of the condition of a prisoner with a ruptured appendix because he "did his part to let the officers

know he was suffering"). This Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nor will an inmate's disagreement with a doctor's course of treatment state a constitutional claim. *See Ciarpaglini*, 352 F.3d at 331 (a prisoner's disagreement with medical professionals about the prisoner's needs does not state cognizable Eighth Amendment claim under the deliberate indifference standard); *Garvin*, 236 F.3d at 898 (courts will not take sides in disagreements with medical personnel's judgments or techniques). A plaintiff inmate, however, need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In this case, Dunmore's complaint consists of not being taken immediately to the hospital floor at Menard following his release from SLU Hospital; this was due to an inoperable elevator. Dunmore instead was returned to his cell for four days prior to his treatment in the HCU at Menard. Additionally Dunmore claims that Defendants have denied him particular pain medication and physical therapy.

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle,* 429 U.S. at 104-05); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010). *See also Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (quoting *Snipes*, 95 F.3d at 592) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly

inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition") (emphasis in original).

Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). Dunmore's primary complaint is that Menard's post-operative efforts to relieve his pain following back surgery are inadequate. In this case, Dunmore received seventeen days of care on the hospital floor after his temporary stay in his cell. Additionally, he continues to see medical staff at Menard. This plainly does not sustain a claim of deliberate indifference.

Furthermore, the pleadings fails to specify unconstitutional conduct by any Defendant. Dunmore lists Godinez, the IDOC director, as a Defendant in the caption of his complaint. However, the statement of claim does not include any allegations against Godinez. As to Defendants Shepherd, Nwaobasi, and Fuentes, Dunmore makes no specific allegations as to their individual unconstitutional conduct. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the

caption."). For these and the foregoing reasons, Dunmore's claims shall be dismissed against all Defendants.

D. **Disposition**

**IT IS HEREBY ORDERED** that Dunmore's complaint fails to state a claim upon which relief may be granted, and therefore this action is **DISMISSED** with prejudice. Dunmore is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Dunmore's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 15, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge